NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CARLOS ORTIZ & SERVIDIEU OJENTIS,<br><br>Plaintiffs,<br><br>v.<br><br>REICHHOLD, INC. & JOHN DOES #1-2,<br><br>Defendants. | OPINION<br><br>Civil Action No. 2:13-cv-06641 (SDW)(MCA)<br><br>May 16, 2014 |

**WIGENTON**, District Judge.

This matter comes before the Court upon the Motion of Reichhold, Inc. ("Defendant") to Dismiss the Complaint of Plaintiffs Carols Ortiz and Servidieu Ojentis (collectively "Plaintiffs"), and the Cross-Motion of Plaintiffs to Amend their Complaint.

Pursuant to Federal Rule of Civil Procedure 78, this Court decides this matter without oral argument. This Court has jurisdiction 29 U.S.C. § 1102, 28 U.S.C. §§1331, 1332, and 1343.

Based on the following and for the reasons expressed herein, Defendant's Motion to Dismiss is **GRANTED IN PART**, and Plaintiff's Cross-Motion to Amend is **GRANTED**.

I.   **BACKGROUND[1] AND PROCEDURAL HISTORY**

Plaintiffs are both former employees of Defendant's Newark, New Jersey manufacturing facility (the "Facility"). Ojentis worked at the Facility from March 10, 1980 until he was terminated on November 2, 2011. Plaintiffs contend that Ojentis's work performance met or exceeded the expectations of Defendant when he was terminated. Plaintiffs also state that "[a]t

---

[1] The facts from this section are taken from the parties' pleadings.

the time of his termination . . . Ojentis was a member of a protected class under the New Jersey Law Against Discrimination because he was black and because of his age as he was fifty three years old."[2] According to Plaintiffs, Ojentis's termination was motivated by his age and race.

Ortiz worked at the Facility for twenty-one years. On November 2, 2011, Ortiz was terminated. Plaintiffs state that Ortiz's work performance met or exceeded the expectations of Defendant when he was terminated. Plaintiffs also state that "[a]t the time of his discharge, [Ortiz] was a member of two protected classes under the New Jersey Law Against Discrimination . . . because he was fifty one years old, had twenty years of seniority and was of Hispanic descent." Plaintiffs assert that Ortiz's termination was based on his age, seniority status, and ethnic origin.

The Facility permanently closed in 2012. Among other claims, Plaintiffs contend that they were deprived of severance benefits under the Employment Retirement Income Security Act ("ERISA") because the benefits were contingent on the Facility's closure and they were wrongfully terminated prior to the closure.

On November 1, 2013, Plaintiffs filed a Complaint against Defendant alleging violations of the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1, et seq. ("NJLAD") and violations of ERISA ("Compl., ECF No.1). On December 23, 2013, Defendant filed a Motion to Dismiss (ECF No. 8). On January 28, 2014, Plaintiffs filed Opposition and a Cross-Motion to Amend their Complaint (ECF No. 9). On February 11, 2014, Defendant filed a Reply ("Def.'s Reply," ECF No. 10).

## II.   STANDARD OF REVIEW

In deciding a motion pursuant to Federal Rule of Civil Procedure 12(b)(6), the district

---

[2] Plaintiffs' Opposition and Ortiz's Certification indicate that Ojentis is sixty four years old. (See Pl.'s Opp'n Br. 1; Ortiz Cert. ¶ 6.)

court is "required to accept as true all factual allegations in the complaint and draw all inferences in the facts alleged in the light most favorable to the [plaintiff]." Phillips v. Cnty. of Allegheny, 515 F.3d 224, 228 (3d Cir. 2008). "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). However, the plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions and a formulaic recitation of the elements of a cause of action will not do." Id. On a motion to dismiss, courts are "not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). Plaintiff's complaint is subject to the heightened pleading standard set forth in Ashcroft v. Iqbal:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. . . . Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not 'show[n]' – 'that the pleader is entitled to relief.'

556 U.S. 662, 678-679 (2009) (quoting Twombly, 550 U.S. at 557, 750); see also Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (2009).

### III. DISCUSSION

#### A. NJLAD Claims

In the Motion to Dismiss, Defendant argues that Plaintiffs have not alleged facts to state claims under the NJLAD. In their Opposition and Cross-Motion to Amend, Plaintiffs argue that they should be permitted leave to amend their NJLAD claims. In its Reply, Defendant states the following:

> [Defendant] is not opposing Plaintiffs' cross-motion seeking leave to file an Amended Complaint. In light of Plaintiffs' cross-motion, [Defendant] is

3

> withdrawing the part of its motion seeking dismissal of Plaintiffs' claims in the Complaint asserted under the [NJLAD]. [Defendant] reserves all rights and defenses and will respond to the allegations in an Amended Complaint after it is filed.

(Def.'s Reply at 1 n.1). As such, this Court will not consider the portion of Defendant's Motion that seeks to Dismiss Plaintiffs' NJLAD claims, and will grant Plaintiffs' Cross-Motion to Amend.

### B. ERISA Claims

Plaintiffs allege that Defendant violated ERISA because severance benefits were contingent on the Facility's closure and Plaintiffs were wrongfully terminated before the closure. To state a claim under ERISA, a plaintiff must allege the existence of an employment benefit plan governed by ERISA. See Frommer v. Celanese Corp., No. CIV. 07-4066, 2007 WL 3408275, at *3 (D.N.J. Nov. 15, 2007). Severance benefits do not implicate ERISA "unless they require the establishment and maintenance of a separate and ongoing administrative scheme." Id. (quoting Angst v. Mack Trucks, Inc., 969 F.2d 1530, 1538 (3d Cir.1992)). The Third Circuit and district courts within it have stated that a single lump-sum payment does not constitute an ERISA plan. See Angst, 969 F.2d at 1540-41 ("Because . . . the one-time lump-sum payment under the . . . plan did not require the creation of a new administrative scheme . . . we agree with the district court that the . . . plan did not constitute an ERISA plan . . . ."); Williamson v. GTE Products Corp., 955 F. Supp. 364, 371 (M.D. Pa. 1997) ("ERISA is implicated only when there is a 'plan,' and a one-time payment of severance benefits is not a 'plan' because there is no on-going administrative scheme."); Frommer, 2007 WL 3408275, at *3 ("[A] lump sum payment, triggered by a single event, requiring no administrative scheme, is not an employee benefit plan under ERISA."); Srivastava v. Danaher Controls, No. 02-4932, 2005 WL 1241972, at *3 (D.N.J. May 24, 2005) ("A one-time, lump-sum payment triggered by a single event requires no

4

administrative scheme and therefore would not constitute an ERISA plan.").

Here, Plaintiffs do not provide any facts regarding the details of the plan under which they seek benefits. Plaintiffs' only allegation with respect to the plan is that they were "deprived of the severance benefits accorded to [them] under ERISA since severance benefits were contingent on full time closure of the [Facility] and [Plaintiffs were] wrongfully terminated prior to closure of the Facility" (Compl. ¶¶ 12, 25). Without any information pertaining to the nature of the plan, this Court cannot determine whether ERISA is applicable. However, this Court will allow Plaintiffs to amend their ERISA claims in order to allege the existence of a plan governed by ERISA. As such, Plaintiffs' ERISA claims are dismissed without prejudice.

## IV.     CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss is **GRANTED IN PART** and Plaintiff's Cross-Motion to Amend is **GRANTED**.  The portion of Defendant's Motion seeking to dismiss Plaintiffs' claims under NJLAD were withdrawn.  Plaintiffs are directed to file their Amended Complaint within 30 days.  An appropriate Order follows this Opinion.


                                                                                  s/  Susan D. Wigenton, U.S.D.J.


Original:       Clerk's Office
cc:             Hon. Madeline C. Arleo U.S.M.J.
                Parties