NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| CARLOS ORTIZ & SERVIDIEU OJENTIS, | : | |
| | : | Civil Action No. 2:13-cv-06641 |
| Plaintiffs, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| REICHHOLD, INC. & JOHN DOES #1-2, | : | |
| | : | October 20, 2014 |
| Defendants. | : | |
| | : | |

**WIGENTON**, District Judge.

Before this Court is Defendant Reichhold, Inc.'s ("Reichhold" or "Defendant") Motion to Dismiss the Amended Complaint filed by Plaintiffs Carlos Ortiz and Servidieu Ojentis (collectively "Plaintiffs") pursuant to Federal Rule of Civil Procedure 12(b)(6).

This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b). This Court, having considered the parties' submissions, decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78.

For the reasons set forth below, Defendant's Motion to Dismiss is **GRANTED**.

## I.  FACTUAL AND PROCEDURAL HISTORY

Reichhold is a resin manufacturer and a citizen of North Carolina. (*See* Am. Compl. ¶¶ 1, 7.) Reichhold operated a manufacturing facility located in Newark, New Jersey (the "Facility") from the late 1980's until October 29, 2012. *Id.*; (Def. Reichhold, Inc.'s Br. in Supp. of Mot. to Dismiss Pls.' Am. Compl. ("Def.'s Br.") 3.) Plaintiffs are citizens of New Jersey and had been

employees at Defendant's Facility for over 20 years until November 2, 2011 when they were terminated as part of Defendant's nationwide reduction in force. (Am. Compl. ¶¶ 5-6, 8, 20; Def.'s Br. 4.)

At the time of the termination, Plaintiffs allege that they were members of a protected class under the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1, et seq. ("NJLAD"), as Ortiz was fifty-three years old and black, and Ojentis was fifty-one years old and of Hispanic descent. (Am. Compl. ¶¶ 10, 23.) Additionally, Plaintiffs allege that at the time of their termination their "work performance met or exceeded the expectation of [Defendant]," and their termination was "motivated [by Plaintiffs'] age, seniority status with the company and race." (Am. Compl. ¶¶ 9, 11, 22, 24.) Plaintiffs also assert that "workers who were not members of [Plaintiffs'] protected class were not affected by the reduction in force." (Am. Compl. ¶¶ 11, 23.) Employees at the Facility, including Plaintiffs, were members of a union, which had been a party to a Collective Bargaining Agreement ("CBA") with Defendant. (Def.'s Br. 4.)

Plaintiff alleged that the Facility shutdown some time in 2012 after they were terminated.[1] (*See* Am. Compl. ¶ 11.) As a result, all employees at the Facility were terminated. (Def.'s Br. 4.) Pursuant to the CBA, the terminated employees were granted severance benefits, and additionally, there was an "Effects Bargaining Memorandum of Agreement," which stated the eligibility and ineligibility for severance payment under the CBA. (*Id.*) Plaintiffs were members of the ineligible group. (*Id.*) Plaintiffs contend that Defendant deprived them of the severance benefits accorded to them under the Employment Retirement Income Security Act ("ERISA") because the benefits were contingent on the closure of the Facility and they were wrongfully terminated prior to the closure. (Am. Compl. ¶¶ 12-13, 25-26.)

---

[1] Defendant asserts that on or about October 29, 2012, the Facility closed following Hurricane Sandy. (Def.'s Br. 4.)

On November 1, 2013, Plaintiffs filed a complaint against Reichhold alleging violations of NJLAD and ERISA. (Dkt. No. 1.) On December 23, 2013, Defendant filed a motion to dismiss. (Dkt. No. 8.) On January 28, 2014, Plaintiffs opposed the motion to dismiss and filed a cross-motion to amend the complaint. (Dkt. No. 9.) On February 11, 2014, Defendant filed its reply. (Dkt. No. 10.) On April 15, 2014, this case was reassigned from Judge Dennis M. Cavanaugh to Judge Susan D. Wigenton. (Dkt. No. 11.) On May 16, 2014 an opinion was issued that granted in part Defendant's motion to dismiss and granted Plaintiffs' cross-motion to amend the complaint. (Dkt. Nos. 12, 13.) On May 20, 2014, Plaintiffs filed their amended complaint against Defendant ("Amended Complaint") alleging violations of NJLAD and ERISA regarding each plaintiff, and requesting punitive damages. (Dkt. No. 14.) On May 29, 2014, Defendant filed the instant motion to dismiss ("Motion to Dismiss") Plaintiffs' Amended Complaint. (Dkt. No. 15.) On July 8, 2014, Plaintiffs opposed Defendant's Motion to Dismiss. (Dkt. No. 19.) On July 15, 2014, Defendant filed its reply.[2] (Dkt. No. 22.)

## II.     LEGAL STANDARD

The adequacy of pleadings is governed by Federal Rule of Civil Procedure 8(a)(2), which requires that a complaint allege "a short and plain statement of the claim showing that the pleader is entitled to relief." This Rule "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action . . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted); *see also Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (stating that Rule 8 "'requires a 'showing' rather than a blanket assertion of an entitlement to relief'" (quoting *Twombly*, 550 U.S. at 555 n.3)).

---

[2] On June 18, 2014 this matter was consolidated with cv-13-7352 for all purposes, as it appeared to be a duplicate filing. (Dkt. No. 16.)

In considering a Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must "'accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief.'" *Phillips*, 515 F.3d at 231 (quoting *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). If the "well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint should be dismissed for failing to show "'that the pleader is entitled to relief'" as required by Rule 8(a)(2). *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

According to the Supreme Court in *Twombly*, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." 550 U.S. at 555 (second alteration in original) (internal citations omitted) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The Third Circuit summarized the *Twombly* pleading standard as follows: "'stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element." *Phillips*, 515 F.3d at 234 (alterations in original) (quoting *Twombly*, 550 U.S. at 556).

In *Fowler v. UPMC Shadyside*, the Third Circuit directed district courts to conduct a two-part analysis. 578 F.3d 203, 210 (3d Cir. 2009). First, the court must separate the factual

4

elements from the legal conclusions. *Id.* The court "must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions." *Id.* at 210-11 (citing *Iqbal*, 556 U.S. at 678). Second, the court must determine if "the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Id.* at 211 (quoting *Iqbal*, 566 U.S. at 679). "In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts." *Id.* (citing *Phillips*, 515 F.3d at 234-35).

## III.   DISCUSSION

### A.  NJLAD

Under the NJLAD, a plaintiff terminated from employment must establish a prima facie case of age discrimination by showing that: (1) plaintiff was in a protected group; (2) plaintiff was performing his or her job at a level that met the employer's legitimate expectations; (3) plaintiff nevertheless was fired; and (4) the employer sought someone to perform the same work after plaintiff was discharged. *Fischer v. Allied Signal Corp.*, 974 F. Supp. 797, 805 (D.N.J 1997) (citation omitted); *see also Monaco v. Am. Gen. Assur. Co.*, 359 F.3d 296, 301 (3d Cir. 2004). "In discrimination in employment cases, the Supreme Court has emphasized that a main component of a prima facie case of discrimination is evidence adequate to create an inference that an employment decision was based upon an illegal discrimination criterion . . . ." *Fischer*, 974 F. Supp. at 805 (citing *Teamsters v. United States*, 431 U.S. 324, 358 (1977)). Once the plaintiff establishes a prima facie case of discrimination, the burden of production shifts to the employer to articulate a legitimate, nondiscriminatory reason for its actions. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). If the employer satisfies that burden, the burden shifts back to the plaintiff to produce evidence that shows that the employer's proffered reason is pretextual.

5

*Zive v. Stanley Roberts Inc.*, 182 N.J. 436, 447 (2005); *see also Fuentes v. Perskie*, 32 F.3d 759, 763 (3d Cir.1994).

In the instant matter, a claim for wrongful termination under the NJLAD is not sufficiently pled. In the Amended Complaint, Plaintiffs merely claim that their termination of employment was based on their "age, seniority status with the company and race," and that others similarly situated, but not within a protected class, were not terminated. (Am. Compl. ¶¶ 8-11, 19-23.) These allegations alone are insufficient to establish an inference of discrimination under the NJLAD. Plaintiffs must provide more than bare conclusory allegations that the Defendant terminated their employment based on age or race. *See Twombly*, 550 U.S. at 555. Additionally, Plaintiffs' Amended Complaint does not address the fourth element for wrongful termination under the NJLAD, whether Defendant sought another individual to perform the same work after Plaintiffs were discharged. In fact, Plaintiffs' employment was terminated during Defendant's nationwide workforce reduction, and shortly thereafter the entire Facility was shut down.[3] (Def.'s Br. 4.)

Thus, even accepting the factual allegations as true at this stage, Plaintiffs' Amended Complaint fails to state a claim for wrongful termination under the NJLAD, and is therefore dismissed, without prejudice.

**B. ERISA and Preemption**

Plaintiffs concede that their claim for severance benefits is not governed by ERISA based on a lump sum payment. (Pls.' Opp. Br. 8.) As such, their claim under ERISA is dismissed with prejudice.

---

[3] Therefore, even if the Plaintiffs could establish other elements of a prima facie case of discrimination, Defendant argues there is a legitimate nondiscriminatory reason for termination, and Plaintiffs have not provided any evidence to suggest that younger employees or those of a different race were more favorably treated. *See, e.g.*, *Monaco v. Am. Gen. Assur. Co.*, 359 F.3d 296 (3d Cir. 2004).

Alternatively, Plaintiffs now contend that the severance benefits issue is part of the damages they are seeking for wrongful termination under the NJLAD. (*See id.*) Defendant argues that Plaintiffs' claim for severance benefits is strictly under the CBA, and that the CBA is preempted by § 301 of the Labor Management Relations Act ("LMRA"). (Def.'s Br. 10.)

Section 301 of the LMRA provides a federal cause of action against a party who breaches a provision of a collective bargaining agreement. 29 U.S.C. § 185(a). "Courts in this circuit readily dismiss claims as preempted under § 301 of the LMRA when those claims are premised on state breach of contract and related claims." *Pickett v. Ocean-Monmouth Legal Servs., Inc.*, No. 11-6980, 2012 WL 254132, at *2 (D.N.J. Jan. 27, 2012); *see also Pennsylvania Nurses Ass'n v. Pennsylvania State Educ. Ass'n*, 90 F.3d 797, 807 (3d Cir. 1996) (citing *Allis-Chambers Corp. v. Lueck*, 471 U.S. 202, 220 (1985)). Section 301 preempts state law claims "that are 'founded directly on rights created by [collective bargaining] agreements, and also claims substantially dependent on analysis of a [collective bargaining] agreement.'" *Manos v. United Food & Commercial Workers Int'l Union*, No. 13-504, 2014 WL 1295561, at *3 (D.N.J. Mar. 28, 2014) (quoting *Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 339, 410 n.10 (1988)). If a court determines that a state law claim is preempted by § 301 of the LMRA, it may either treat the claim as a LMRA claim or dismiss the claim as preempted. *Id.* at *5 (citing *Allis-Chambers*, 471 U.S. at 220).

Section 301 of the LMRA does not preempt wrongful termination claims under the NJLAD. *See, e.g.*, *Lingle*, 486 U.S. 399 (holding that the application of state law is preempted by § 301 if it would require the interpretation of a collective bargaining agreement); *Coefield v. Jersey Central Power & Light Co.*, 532 F. Supp. 2d 685 (D.N.J. 2007); *Naples v. New Jersey Sports & Exposition Auth.*, 102 F. Supp. 2d 550 (D.N.J. 2000). However, as discussed above,

Plaintiffs failed to sufficiently plead a case under the NJLAD. Plaintiffs concede that their

ERISA claim is moot,[4] and this Court has determined that Plaintiffs failed to sufficiently plead a

case for discrimination under NJLAD. As such, a claim for severance benefits would require an

interpretation of the CBA, under a breach of contract claim, which would be preempted by § 301

of the LMRA. *See Lingle*, 486 U.S. 399; *Manos*, 2014 WL 1295561, at \*4-5; *Pickett*, 2012 WL

254132, at \*2; *see also Allis*, 471 U.S. at 220.  Thus, Plaintiffs are not able to maintain the

remaining claims before this Court.

## C.  CONCLUSION

For the reasons stated above, Defendant's Motion to Dismiss is **GRANTED**. Plaintiffs'

Amended Complaint will be dismissed with prejudice as to the ERISA claim and without

prejudice as to the remaining claims.

s/Susan D. Wigenton, U.S.D.J.


Orig:         Clerk
cc:           Parties
              Magistrate Judge Mannion

---

[4] Plaintiffs' opposition brief is unclear as to whether the severance sought was under ERISA, NJLAD, and/or generally for breach of the CBA. (*See* Pls.' Opp. Br. 7-9.) Plaintiffs first concede that the ERISA claims are moot, but continue to argue that the severance pay is covered by ERISA, and that this Court should deny the Defendant's Motion to Dismiss "because Plaintiffs' damages pursuant to ERISA are based entirely on discriminatory conduct and pursuit of administrative remedies would have been futile." (Pls.' Opp. Br. 8.) Nonetheless, Plaintiffs failed to offer evidence indicating that the severance benefits were part of an employment benefit plan governed by ERISA. Moreover, a single lump-sum payment, which the Plaintiffs' here are claiming relief for, would not be considered an ERISA plan. *Angst v. Mack Trucks, Inc.*, 969 F.2d 1530, 1538 (3d Cir. 1992).